UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. M. MILLER BAKER, JUDGE

| | |
|---|---|
| TARGET GENERAL MERCHANDISE, INC., Plaintiff, v. UNITED STATES, Defendant. | Court No. 22-00318 |

**ANSWER**

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of the complaint of Target General Merchandise, Inc., plaintiff, as follows:

1. As to the first and second sentences of the paragraph, denies the allegations for lack of information or knowledge sufficient to form a belief as to their truthfulness. As to the third sentence of the paragraph, admits that plaintiff is the importer of record for the entries identified in the Summons, and admits that the duties assessed on those entries was received by Customs and Border Protection ("CBP"). As to the remainder of the third sentence, denies the allegations for lack of information or knowledge sufficient to form a belief as to their truthfulness.

2. Admits.

3. As to the first sentence, admits that this action arises out of a protest filed under 19 U.S.C. § 1514(a)(2) contesting CBP's classification of certain merchandise and the rate and amount of duties assessed upon liquidation, but otherwise denies the first sentence of this allegation for lack of information or knowledge sufficient to form a belief as to their truthfulness, including the characterization of the subject merchandise as "Easter Eggs." As to the second sentence, admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.

4. Admits that this case was commenced upon the filing of a summons by plaintiff to contest the denial of the protests listed on the summons. The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required.

5. Admits that at liquidation CBP classified the merchandise covered by the entries identified on the Summons under subheading 3926.40.00 of the Harmonized Tariff Schedule of the United States (HTSUS) in effect at the time of entry. Admits the quoted language to the extent supported by subheadings 9505.90.60 and 3926.40.00, HTSUS, to the extent supported by the HTSUS in effect at the time of entry, which speaks for itself and is the best evidence of its contents; otherwise denies. Admits that subheading 9505.90.60, HTSUS, is the claimed tariff provision to the extent supported by this complaint which speaks for itself and is the best evidence of its contents; otherwise denies. Denies that the statistical suffixes comprise part of the statutory text of the HTSUS.

6. Whether Protest Nos. 2704-22-160793, 2704-22-160978, and 3002-22-103986 were "timely filed" is a legal argument and/or conclusion of law to which no response is required. Admits the remainder of this allegation.

7. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

8. Admits that this action was commenced within 180 days after Protest Nos. 2704-22-160793, 2704-22-160978, and 3002-22-103986 were filed; otherwise denies for lack of information or knowledge because it is unclear what is meant by the phrase "subject protests." The remainder of this allegation consists of legal argument and/or conclusions of law to which no response is required.

9. Admits that Target General Merchandise Inc. is identified as the protester in Protest Nos. 2704-22-160793, 2704-22-160978, and 3002-22-103986 and that those protests were denied, but denies that Target General Merchandise Inc. "filed the protests." The remainder of this allegation consists of legal argument and/or conclusions of law to which no response is required.

10. Admits.

11. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness, including the characterization of the subject merchandise as "Easter Eggs."

12. Admits that the entries identified on the Summons were made at various Ports of Entry between January 2021 and March 2021, and denies the remainder of this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

13. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

14. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

15. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

16. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

17. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

18. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

19. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

20. Denies the allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to their truthfulness. It is unclear what is meant by the phrase "substantially similar." Admits the parenthetical characterizations accompanying citations to various CBP rulings to the extent supported by the referenced cited rulings; otherwise, denies.

21. Admits to the extent supported by HQ H043742 (Apr. 19, 2019), but denies that HQ H043742 specifically addressed the merchandise in this case and otherwise denies..

22. Admits to the extent supported by HQ H043742 (Apr. 19, 2019), but denies that HQ H043742 specifically addressed the merchandise in this case and otherwise denies.

23. Admits to the extent supported by HQ H043742 (Apr. 19, 2019), but denies that HQ H043742 specifically addressed the merchandise in this case and otherwise denies.

24. Admits that plaintiff entered the subject merchandise under subheading 3926.40.00, HTSUS, to the extent supported by the entry and protest documents, otherwise denies. Denies that the statistical suffix comprises part of the statutory text. Denies that the subject merchandise consists of "Easter Eggs" for lack of information or knowledge sufficient to form a belief as to its truthfulness. Denies that plaintiff entered the subject merchandise in accordance with HQ H043742 for lack of information or knowledge sufficient to form a belief as to its truthfulness.

25. Denies that the subject merchandise consists of "Easter Eggs" for lack of information or knowledge sufficient to form a belief as to its truthfulness. Denies that the statistical suffix comprises part of the statutory text. Admits the remainder of the allegation.

Count I: The bold section header between paragraphs 25 and 26 consists of legal argument and/or conclusions of law to which no response is required. To the extent this allegation constitutes a statement of fact, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness, including the characterization of the subject merchandise as "Easter Eggs." Otherwise denies.

26. Defendant's responses to paragraphs 1-25 are incorporated by reference, as though fully set forth herein.

27. Admits to the extent supported by the text of subheading 9505.90.60, of the 2021 Basic Edition of the HTSUS; otherwise denies. Denies that the statistical suffix comprises part of the statutory text.

28. Admits to the extent supported by the text of *Park B. Smith, Ltd. v. United States*, 347 F.3d 922 (Fed. Cir. 2003), otherwise, denies.

i. The bold section header between paragraphs 28 and 29 consists of legal argument and/or conclusions of law to which no response is required. To the extent this allegation constitutes a statement of fact, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness.

29. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent this allegation constitutes a statement of fact, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness.

30. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

31. Admits to the extent supported by the text of *Park B. Smith, Ltd. v. United States*, 347 F.3d 922 (Fed. Cir. 2003); otherwise, denies.

32. As to the first sentence, admits that the images included in this allegation depict eggs and bunnies to the extent supported by the images; otherwise denies. Denies that as a general statement CBP personnel "use depictions of Easter eggs and the Easter bunny in public Easter Holiday messaging" for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation. As to the first image, denies that it constitutes a social media post by U.S. Customs and Border Protection ("CBP") for lack of information or knowledge sufficient to form a belief as to its truthfulness because no citation is provided. Admits that Port Director Sal Ingrassia and Director of Field Operations Francis J. Russo posted the second and third images, respectively, to the extent supported by the citations accompanying the images; otherwise, denies.

33. Admits to the extent supported by the citation provided; otherwise, denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

34. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

ii. The bold section header between paragraphs 34 and 35 consists of legal argument and/or conclusions of law to which no response is required. To the extent this allegation

constitutes a statement of fact, denies for lack of information or knowledge sufficient to form a belief as to its truthfulness.

35. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

36. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

37. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

38. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

39. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

40. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

41. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

42. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

43. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

44. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

45. Denies this allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

46. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the allegation for lack of information or knowledge sufficient to form a belief as to the truthfulness of plaintiff's characterizations of the subject merchandise as "Easter Eggs," and otherwise denies.

iii. The bold section header between paragraphs 46 and 47 consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

47. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the allegation for lack of information or knowledge sufficient to form a belief as to the truthfulness of plaintiff's characterizations of the subject merchandise as "Easter Eggs," and otherwise denies.

48. Admits to the extent supported by the text of note 1(w) to Chapter 95, of the 2021 Basic Edition of the HTSUS; otherwise, denies.

49. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

50. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

51. Admits that CBP classified the merchandise at issue under heading 3926 of the Edition and Revision of the HTSUS in effect at the time of entry. Admits the quoted language of headings 3926 and 3924 to the extent supported by the 2021 Basic Edition of the HTSUS; otherwise denies. The remainder of this statement consists of legal argument and/or conclusions of law to which no response is required. To the extent further response is required, denies.

52. Admits the quoted language to the extent supported by *In Zone Brands, Inc. et al v. United States*, 456 F. Supp. 3d 1309, 1317 (Ct. Int'l Trade 2020); otherwise denies. The remainder of this allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

53. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

54. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

55. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

Count II: The bold section header between paragraphs 55 and 66 consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

56. Defendant's responses to paragraphs 1-55 are incorporated by reference, as though fully set forth herein.

57. Admits that CBP classified the merchandise that is the subject of this case under subheading 3926.40.00, HTSUS. Admits the quoted language to the extent supported 2021 Basic Edition of the HTSUS; otherwise denies. Denies that the statistical suffix comprises part of the statutory text. Otherwise denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

58. Admits to the extent supported by the text of note 2(y) to Chapter 39 of the 2021 Basic Edition of the HTSUS; otherwise, denies.

59. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

60. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

61. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent supported by references and citations to the HTSUS, Explanatory Note 39.26, and NY N348691 (May 20, 2025); otherwise, denies.

62. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, denies.

* * *

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official and the assessment thereunder, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER

Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

By:_/s/ David Heitner______
DAVID HEITNER
Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Attorneys for Defendant
(202) 598-3861

Dated: August 17, 2026